FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

APR 0 3 2014

JAMES N. HATTEN, Clerk

By: _____ Deputy Clerk

| | |
|---|---|
| AYOTUNDA LOVETT, individually and on behalf of all similarly situated persons, | : |
| | : |
| | : Civil Action File No.: |
| Plaintiffs, | : |
| | : |
| v. | : **1 14-CV- 0983** |
| | : <u>Jury Trial Demanded</u> |
| SJAC FULTON IND I, LLC d/b/a ZAXBY'S, | : |
| SJAC FOOD GROUPS, LLC d/b/a ZAXBY'S, | : |
| and Does 1 through 10, | : |
| | : |
| | : **WSD** |
| Defendants. | : |

### <u>COMPLAINT</u>

Plaintiff Ayotunda Lovett (hereinafter "Plaintiff"), by and through the undersigned counsel, brings this collective action on behalf of herself and on behalf of other similarly situated persons.

### <u>Nature Of Action</u>

1.

Plaintiff brings this action on behalf of herself and other similarly situated persons who were not paid proper overtime compensation by the Defendants, separately and/or collectively, in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* (hereinafter "FLSA"). Plaintiff alleges on behalf of herself and other former and current "Managers" employed by Defendants, who choose to opt into this action pursuant to the 29 U.S.C. § 216(b), that they are: (i) entitled to unpaid wages from Defendants for overtime work for which they did not receive proper overtime premium pay, as required by the FLSA, and (ii) entitled to liquidated damages pursuant to the FLSA.

2.

Plaintiff also brings this action against Defendants SJAC Fulton IND I, LLC d/b/a Zaxby's and SJAC Food Groups, LLC d/b/a Zaxby's for her individual claims of retaliation and sex discrimination.  As shown below, Defendants, by and through their agents, intentionally retaliated and discriminated against Plaintiff in violation of the Title VII of the Civil Right Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, as amended by the Civil Rights Act of 1991 (hereinafter "Title VII").

## Jurisdiction And Venue

3.

This is a collective action for unpaid overtime wages filed pursuant to the FLSA.  This is also an individual action for retaliation and discrimination in violation of Title VII.  Pursuant to 28 U.S.C. §§ 1331 (federal question) and 1343 (civil rights), this Court has jurisdiction over the claims asserted herein.

4.

Venue in this district and division is proper pursuant to 28 U.S.C. §§ 1391(b) and (c) because a substantial part of the events and omissions giving rise to this Complaint occurred within the Northern District of Georgia.

## Parties

5.

Plaintiff is a female citizen of the State of Georgia.  Plaintiff resides at 3776 Brookcrest Circle, Decatur, Georgia 30032.

6.

Defendant SJAC Fulton IND I, LLC is a for-profit corporation organized under the laws of the State of Georgia and conducting business in the State of Georgia.

7.

Defendant SJAC Food Groups, LLC is a for-profit corporation organized under the laws of the State of Georgia and conducting business in the State of Georgia.

8.

At all times relevant to this action, Defendants SJAC Fulton IND I, LLC and SJAC Food Groups, LLC, either jointly or separately, owned and operated "Zaxby's," a restaurant franchise, located at 5350 Campbellton Fairburn Road, Fairburn, Georgia 30213 (hereinafter "Zaxby's -Fairburn").

9.

Defendants Does 1 through 10 are for-profit corporations organized under the laws of the State of Georgia and conducting business in the State of Georgia.

10.

Defendants Does 1 through 10, either separately or jointly, own and operate approximately six other Zaxby's franchise restaurants where members of the putative class work or have worked within the past three years.

11.

Defendants Does 1 through 10 were organized by and have the same owners as Defendants SJAC Fulton IND I, LLC and SJAC Food Groups, LLC.

3

12.

All of the Zaxby's restaurants owned and operated by Defendants, either separately and/or collectively, are located in the Northern District of Georgia.

13.

Defendants are franchisees who operate their respective Zaxby's franchise through individual licensing agreements with Zaxby's Franchising, Inc., which is headquartered in Athens, Georgia.[1]

14.

Defendants, and each of them, are "employers" within the meaning of the FLSA and Title VII.

## FLSA Collective Action Allegations

15.

Plaintiff brings this action on behalf of herself and all other similarly situated employees, pursuant to 29 U.S.C. § 216(b).

16.

Plaintiff and those similarly situated are individuals who, within the last three years prior to the filing of this Complaint: (i) were, or continue to be, employed as a "Manager" at one or more of the Zaxby's restaurants owned and operated by Defendants, either jointly or separately; (ii) were supervised by a "General Manager"; and (iii) worked overtime (*i.e.*, any time in excess of 40 hours during a given workweek) during their employment, but were not paid an overtime

---

[1] *See* zaxbysfranchising.com/info/our-licensees.

4

premium rate of one-and-one-half (1.5) times their effectively hourly rate of pay (hereinafter "putative class members" or "the putative class").

17.

Plaintiff and the putative class members had substantially similar job requirements and were subjected to substantially similar pay provisions during their respective employment, and they were, or continue to be, subject to Defendants' common decision, policy, protocol, practice, procedure, plan, routine, and/or rule, under which Defendants have (i) willfully failed and refused to pay them at the legally required time-and-a-half rate for all overtime hours per workweek, and (ii) willfully failed to keep records required by the FLSA.

18.

The FLSA claims described herein are the same for all of those who are part of the putative class.

19.

Plaintiff began working for Defendants on or about May 3, 2010. During her employment, Defendants assigned Plaintiff to work at several different Zaxby's restaurants owned and operated by Defendants, including: Zaxby's located at 5350 Cambelton-Fairburn Road, Fairburn Georgia 30213; Zaxby's located at 2530 Flatshoals Road, College Park, Georgia 30349; Zaxby's located at 925 Camp Fulton Parkway, Atlanta Georgia 30336; Zaxby's located at 7541 Highway 85, Riverdale, Georgia 30296; Zaxby's located at; 7149 Mount Zion Boulevard, Jonesboro, Georgia 30236; and Zaxby's located at 5201 South Cobb Drive, Smyrna, Georgia 30080.

20.

Throughout her employment with Defendants, Plaintiff's job title was
Manager.

21.

As a Manager, Plaintiff's primary duties were: (i) to prepare food; (ii) to serve
customers; and (iii) to clean the restaurant.

22.

Members of the putative class had the same primary duties as Plaintiff.

23.

Plaintiff and the members of the putative class were closely supervised by
their respective General Manager.

24.

At each Zaxby's restaurant where Plaintiff or a member of the putative class
worked with a General Manager, the General Manager was the highest-ranking
employee at the restaurant. At these locations, the General Manager was ultimately
responsible for the restaurant's operations and revenues.

25.

Plaintiff and the putative class members spent the majority of their time
performing the labor-intensive job duties described in Paragraph 21 above.

26.

While Plaintiff may have occasionally assisted the General Manager with
other limited duties, she was instructed to, and did, in fact, rely exclusively on
Zaxby's corporate manuals to perform these tasks. Zaxby's corporate manuals set

6

forth every detail associated with operating a Zaxby's franchise restaurant. The procedures and established techniques outlined in those manuals provide continuity among the Zaxby's franchises.

### 27.

During all times relevant to this action, management was not Plaintiff's primary duty nor the primary duty of those members of the putative class.

### 28.

During all times relevant to this action, Plaintiff and the putative class members did not have authority to hire or fire employees

### 29.

During all times relevant to this action, Plaintiff and the putative class members did not exercise discretion and/or independent judgment while performing their job duties.

### 30.

Plaintiff worked approximately 50-60 hours each week while employed by Defendants.

### 31.

Members of the putative class worked more than 40 hours during a given workweek at all times relevant to this action.

### 32.

At all times relevant to this action, each Defendants was aware that Plaintiff and/or members of the putative class worked more than 40 hours during a given workweek.

33.

Despite the fact that Plaintiff and members of the putative class performed non-exempt job duties for Defendants, Defendants did not pay them overtime pay that complied with the FLSA.

34.

Defendants were, or should have been, aware that federal law requires them to pay employees performing non-exempt duties overtime pay at a rate of one-and-one-half (1.5) times their effective hourly rate of pay.

35.

At all times relevant to this action, it was each Defendant's policy not to pay Plaintiff and/or putative class members an overtime premium rate of one-and-one-half (1.5) times their effective hourly rate of pay.

36.

Upon information and belief, Defendants unlawful conduct, as described herein, is pursuant to a corporate policy or practice of minimizing labor costs by violating the FLSA.

37.

Defendant's failure to comply with the FLSA was willful and in bad faith.

Additional Allegations

38.

Defendants assigned Plaintiff to work at Zaxby's-Fairburn in January 2011.

8

39.

Zaxby's-Fairburn became Plaintiff's primary job site where she worked until Defendants terminated her employment.

40.

Johnny Booker was the General Manager at Zaxby's-Fairburn in 2011.

41.

Within the first few months of Plaintiff's assignment at Zaxby's-Fairburn, Plaintiff learned that Defendants, by and through its agents, had created and maintained a work environment that was sexually hostile and unfavorable to female employees, including Plaintiff.

42.

For example, although Defendants maintained a "Dating in the Workplace" policy that prohibited dating among employees, especially between management and their subordinates, Plaintiff's superiors, including the District Manager, preyed upon female employees and subjected them to unwelcomed sexual advances.

43.

Certain male employees at Zaxby's-Fairburn emulated the behaviors of these managers by (i) preying upon their female counterparts, (ii) subjecting female employees to unwelcomed sexual advances and sexual pranks, and (iii) disregarding other written policies, some of which were designed to protect female employees from the violating acts described above.

9

44.

In addition, Plaintiff's male supervisors undermined Plaintiff's limited
authority over other male employees.

45.

In July 2011, the District Manager who, with the General Manager, managed
Zaxby's-Fairburn reprimanded Plaintiff for attempting to discipline an employee
(his daughter), who had violated the "Dating in the Workplace" policy.

46.

In November and December of 2011, Plaintiff complained to her General
Manager that a male employee sexually harassed her and violated the "Sexual
Harassment" policy.

47.

The General Manger did nothing in response to Plaintiff's complaint, and
Defendants did not conduct an investigation.

48.

Plaintiff, thereafter, reported the harassment to the District Manager.

49.

The District Manager did nothing to address Plaintiff's complaint, and
Defendants did not conduct and investigation.

50.

Plaintiff followed up, again, with her General Manager.  During their
discussion, Plaintiff also complained that female employees were being mistreated,

10

targeted, and harassed sexually, and she advised her General Manager that
Defendants had a responsibility to investigate her serious claims.

51.

Again, Plaintiff's supervisor did nothing, and Defendants did not conduct any
investigation.

52.

In December 2011, Defendants' Human Resources ("HR") Representative
contacted Plaintiff in connection with an unrelated complaint made by the male
employee whom Plaintiff accused of sexually harassing her.

53.

Plaintiff advised the HR Representative that: (i) the employee's claim was
false; (ii) Plaintiff had reported to her supervisors that the male employee had
sexually harassed her, and they failed to provide a meaningful response; and (iii)
Plaintiff had also complained, on behalf of other female employees, about the
sexually hostile work environment created by Defendants.

54.

Plaintiff also informed the HR Representative that another female employee
had complained that another male employee had groped her and touched her breast
at work.

55.

On or about January 18, 2012, Defendants gave Plaintiff a disciplinary write-
up based on a trumped up claim that she "did not communicate well" with the male
employee she accused of harassing her.

11

56.

In addition to the write-up, Defendants suspended Plaintiff without pay.

57.

Defendants gave Plaintiff this disciplinary write-up and suspended her in retaliation for Plaintiff complaining that she had been sexually harassed, that female employees had been mistreated, and to support Defendants plan to ultimately terminate Plaintiff.

58.

Six days later, on January 24, 2012, Defendants gave Plaintiff another undeserving disciplinary write-up and advised her that if she did not sign the write-up, Defendants would terminate her employment.

59.

Defendants manufactured this second write-up, again, in retaliation for Plaintiff's complaint that she had been sexually harassed, that female employees had been mistreated, and to support Defendant's plan to ultimately terminate Plaintiff.

60.

In May 2012, Plaintiff asked her District Area Manager for a pay raise and time off.

61.

In response, the District Area Manager informed Plaintiff that she "need[ed] to be more like Johnny."

62.

The following day, Defendants terminated Plaintiff's employment.

63.

On July 2, 2012, Plaintiff filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging retaliation and sex discrimination, in violation of Title VII (Charge No. 410-2012-04939). The EEOC issued its Notice of Right to Sue to Plaintiff on January 7, 2014, and Plaintiff received it thereafter.

64.

Plaintiff has satisfied all statutory prerequisites for filing this action, which includes her Title VII claims.

**COUNT I - FLSA**

65.

The allegations set forth in all previous paragraphs above are incorporated by reference herein as if fully set out in this paragraph.

66.

By their actions alleged herein, Defendants willfully, knowingly, and/or recklessly violated the FLSA and its corresponding federal regulations.

67.

Defendants willfully, knowingly, and/or recklessly engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiff and the putative class members overtime pay at a rate of time-and-a-half for all time worked in excess of 40 hours during a given workweek.

68.

The overtime wage provisions outlined in the FLSA apply to Defendants and are designed to protect employees like Plaintiff and members of the putative class.

69.

As a result of Defendants' violations of the FLSA, Plaintiff and other similarly situated persons have suffered damages by failing to receive premium overtime compensation in accordance with section 207 of the FLSA.

70.

As a result of Defendants' violations of the FLSA, Plaintiff and other similarly situated persons have been deprived of overtime compensation in an amount to be determined at trial and are entitled to recovery of such amounts, liquidated damages, prejudgment and post judgment interests, attorney fees, costs and other relief.

71.

Plaintiff has consented, in writing, to be a party plaintiff in this collective action. *See* Exhibit 1.

**COUNT II – Retaliation**

72.

The allegations set forth in all previous paragraphs above are incorporated by references herein as if fully set out in this paragraph.

73.

Defendants intentionally subjected Plaintiff to unwarranted disciplines, including write-ups and a suspension, and ultimately terminated Plaintiff in

14

retaliation for Plaintiff complaining about sexual harassment and complaining about the sexually charged and hostile work environment created and sustained by Defendants. But for Plaintiff's action to oppose these unlawful practices, Defendants would not have terminated Plaintiff's employment.

74.

Defendants retaliated against Plaintiff because she opposed unlawful employment practices. Defendants' actions violate Title VII.

75.

As a direct and proximate result of Defendants unlawful retaliation, Plaintiff has suffered and continues to suffer loss of income, loss of employee benefits, emotional distress, and emotional pain and suffering in an amount to be proved at trial.

76.

As a direct and proximate result of Defendants unlawful retaliation, Plaintiff has been forced to incur fees and expenses of litigation for which Defendants are liable.

## Count III – Sex Discrimination

77.

The allegations set forth in all previous paragraphs above are incorporated by references herein as if fully set out in this paragraph.

78.

Defendants engaged in a pattern of sex discrimination against female employees by creating a work environment that was sexually charged, hostile, and

15

demeaning for women employees. Defendants engaged in intentional sex discrimination with respect to the terms and conditions of Plaintiff's employment when it terminated Plaintiff because she is a female. But for Plaintiff being a female, Defendants would not have terminated her employment.

79.

As a direct and proximate result of Defendants unlawful discrimination, Plaintiff has suffered and continues to suffer loss of income, loss of employee benefits, emotional distress, and emotional pain and suffering in an amount to be proved at trial.

80.

As a direct and proximate result of Defendants unlawful discrimination, Plaintiff has been forced to incur fees and expenses of litigation for which Defendants are liable.

Prayer For Relief

**WHEREFORE** Plaintiff prays for a judgment as follows:

(1)     That the Court designates this action as a collective action and permit Plaintiff to promptly issue of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated persons employed or previously employed by Defendants as Manager, during the relevant period, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Join pursuant to 29 U.S.C. § 216 and tolling of their statute of limitations;

(2)     A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

16

(3)     An award for unpaid wages for unpaid overtime compensation and liquidated damages under the FLSA to Plaintiff and each member of the putative class;

(4)     An award for full back pay to Plaintiff to cover all lost income and benefits that she would have received or accrued;

(5)     An award for front pay to Plaintiff;

(6)     An award for compensatory damages to Plaintiff for humiliation, emotional injuries, pain and suffering, and other losses and injuries suffered as a result of the unlawful actions taken again her;

(7)     An award for punitive damages for Defendants' malicious, reckless, and intentional conduct;

(8)     That the Court award Plaintiff and the putative class members reasonable attorneys' fees and expenses of litigation;

(9)     That Plaintiff and the putative class members be afforded a trial by jury; and

(10)    An award for all other relief the Court deems just and proper.

Respectfully submitted on this 3rd day of April 2014.

**The Thacker Law Firm, LLC,**

Mark Y. Thacker
Georgia Bar No. 141875

1100 Peachtree Street, NE
Suite 200
Atlanta, Georgia 30309
(404) 480-2604 (T)
(404) 795-0731 (F)
mark@thackerllc.com

# EXHIBIT 1

## CONSENT TO JOINT COLLECTIVE ACTION

1. I consent to join the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") collective action titled *Ayotunda Lovett, Individually and On Behalf of All Similarly Situated Persons v. SJAC Fulton IND I, LLC d/b/a Zaxby's, SJAC Food Groups, LLC d/b/a Zaxby's, and Does 1 through 10* (U.S. District Court for the Northern District of Georgia), to recover my unpaid overtime wages and all other damages as allowed by the FLSA.

2. During the past three years, there were occasions when I worked more than 40 hours in a workweek, for one or more Defendants, as a Manager, and Defendants, either separately or jointly, did not pay me overtime compensation at a rate of one-and-one-half times my hourly rate of pay.

3. If this case does not proceed collectively, then I also consent to join any subsequent action to assert these claims against Defendants.

4. I choose to be represented in this matter by the named-plaintiff and counsel, The Thacker Law Firm, LLC, in this action

5. I understand that I may withdraw my consent to proceed with any claims at any time by notifying the attorneys handling this matter.

DATE: _____4/3/14_____

SIGNATURE: _____

PRINT NAME: _Ayotunda Lovett_

CONTACT INFORMATION: _3776 Brooklarest Cir. Decatur Ga. 30032_