# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| AYOTUNDA LOVETT, individually and on behalf of all similarly situated persons,  )<br><br>Plaintiffs,  )<br><br>v.  )<br><br>SJAC FULTON IND I, LLC d/b/a ZAXBY'S, and SJAC FOOD GROUPS, LLC d/b/a ZAXBY'S,  )<br><br>Defendants.  ) | Civil Action File No.:<br>1:14-CV-0983-WSD-JSA<br><br>Jury Trial Demanded |

### DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO FILE EXHIBITS TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS UNDER SEAL AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT

On November 5, 2015, Plaintiff filed a motion seeking to file, under seal, additional exhibits in support of her motion for summary judgment. Pursuant to the Court's Order, summary judgment motions were due on October 26, 2015. [See D.E. 159]. Plaintiff's request is therefore untimely and should be summarily denied.

Furthermore, Plaintiff's motion does not comply with this Court's process for filing confidential materials under seal. The Court's Amended Consent Protective Order, [D.E. 74], governs the filing of materials under seal in this matter. Pursuant to paragraph 10 of that Order:

>Any document, material or other information designated as entitled to protection under this Order which is submitted to the Court in support of a pleading, or introduced at a hearing, trial or other proceeding, in this action may continue as Protected Material only by Order of the Court in accordance with these procedures. If information entitled to protection under this Order is submitted to the Court in support of a pleading, such information shall maintain its privileged status for ten (10) days. During this ten-day period the party who designated the information as protected may move the Court to continue the protected status of the information by submitting to the Court a motion for continued protection. The opposing party shall not be permitted to file a response to the motion. The copy of the motion must be delivered to chambers and accompanied by an unredacted copy of the designated material(s). As an aid to the Court, the unredacted copy must be tabbed, marking each section for which continued protection is being requested, so the Court can easily review and determine if continued protection will be granted.

Plaintiff's motion to file under seal does not indicate that Plaintiff complied with these procedures. Plaintiff does not ask the Court to continue the protected status of documents she submitted to the Court within the last ten (10) days, nor are Defendants aware of Plaintiff submitting any confidential documents to the Court pursuant to paragraph 10 of the Amended Consent Protective Order. Instead, it appears that Plaintiff is seeking, for the first time, to file under seal certain documents, which have not been identified with any reasonable particularity, ten (10) days after she filed her summary judgment motion. Plaintiff's untimeliness combined with her disregard for the Court's Order governing the filing of documents under seal should result in her request being denied.

Finally, as alluded to above, Plaintiff does not identify with reasonable

particularity the documents she seeks to file under seal, nor has she shown those documents to Defendants. Defendants assume that the documents to which Plaintiff is referring were produced in this litigation and are bates-numbered. However, Plaintiff has not provided the bates-numbers for the documents she now wants to file. Defendants are, therefore, left to guess as to exactly what documents, or portions of documents, she seeks to file in the record to support her summary judgment motion.

Allowing Plaintiffs to submit and rely on evidence in this manner would severely prejudice Defendants – especially considering that Defendants' response to Plaintiff's summary judgment motion is due in only four (4) business days. Defendants, therefore, respectfully request that the Court deny Plaintiff's untimely request.[1]

---

[1] Plaintiff should not interpret Defendants' opposition to her motion as acquiescence in her filing any materials marked "confidential" in the public record. Rather, Plaintiff's failure to file those materials in support of her summary judgment motion in a timely manner, and failure to follow the Court's procedures for filing materials under seal, should result in those materials being excluded from the record altogether.

3

This 11th day of November, 2015.

        /s/ David Long-Daniels
David Long-Daniels
GA Bar No.:  141916
Ernest L. Greer
GA Bar No.:  309180
Brett T. Lane
GA Bar No.:  143014
Angela F. Ramson
GA Bar No.:  114066

GREENBERG TRAURIG, LLP
Terminus 200
3333 Piedmont Road, Suite 2500
Atlanta, Georgia 30305
Telephone:  (678) 553-2100
Facsimile:  (678) 553-2122
Long-DanielsD@gtlaw.com
GreerE@gtlaw.com
LaneB@gtlaw.com
RamsonA@gtlaw.com

*Attorneys for Defendant*

## **CERTIFICATE OF COMPLIANCE WITH L.R. 5.1C**

I HEREBY CERTIFY that the foregoing was prepared in Times New Roman, 14-point font, as approved by Local Rule 5.1C.

*/s/ David W. Long-Daniels*
David W. Long-Daniels

*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that, on the date stated below, I electronically filed the foregoing **DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO FILE EXHIBITS TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS UNDER SEAL AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT** with the Court through its CM/ECF service which shall send electronic notice of said filing to the following attorneys of record:

Mark Y. Thacker
The Thacker Law Firm, LLC
1100 Peachtree Street, NE
Suite 200
Atlanta, Georgia 30309

Andrew Frisch
MORGAN & MORGAN, P.A.
600 North Pine Island, Suite 400
Plantation, Florida 33324

Dated: November 11, 2015

*/s/ David W. Long-Daniels*
David W. Long-Daniels

*Attorney for Defendants*